IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

vs.

DANIEL FERRARA,

Defendant.                                                No. 12-30223-DRH

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

On August 19, 2013, the Court received a letter from defendant which the Court construes as a motion to amend sentence (Doc. 42). Defendant asks the Court to split his sentence and allow him to serve the last six months on home confinement. Based on the following, the Court dismisses for want of jurisdiction defendant's motion.

On August 2, 2013, the Court sentenced defendant to 18 months imprisonment (Docs. 37 & 40). Thereafter, he filed the above motion.

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. *See Carlisle v. United States*, 517 U.S. 416 (1996). The following post-judgment motions are allowed if timely filed. Under Federal Rule of Criminal Procedure 35, revision is proper only within 7 days, unless the prosecutor files an appropriate motion or the court of appeals remands. Further, a Rule 33 motion for new trial based on evidence must be brought within 3 years after the verdict and a Rule 33

motion for new trial based on other grounds must be brought within 7 days after the verdict. Lastly, a collateral attack under 28 U.S.C. § 2255 which has a 1 year statute of limitations.

Here, defendant does not cite any case law or statute which allows the Court to consider his motion. Rule 35 is inapplicable because this motion is brought 17 days after the sentencing and judgment; the motion does not appear to be brought to correct the sentence arithmetical, technical or other clear error and the government has not filed a motion to reduce. Likewise, Rule 33 does not apply because the motion does not appear to be brought on newly discovered evidence and it was not filed within 7 days of the verdict to be timely to be brought based on other reasons. Therefore, the only other possible procedural avenue that defendant could bring this motion is a § 2255 collateral attack. The Court is not convinced that defendant wishes to attack his sentence via a § 2255 proceeding. If he wishes to do so, he must file it in a new civil case and consult 28 U.S.C. § 2255 and the Federal Rules of Civil Procedure as to the proper procedure.

Accordingly, the Court **DIMISSES for lack of jurisdiction** defendant's motion to amend sentence (Doc. 42).

**IT IS SO ORDERED.**

Signed this 22nd day of August, 2013.

David R. Herndon
2013.08.22
14:48:25 -05'00'

**Chief Judge
United States District Court**